PETTIT BROS. HDWRE. CO. v. AKRON (City) et

Ohio Appeals, 9th Dist., Summit Co.

No. 1046.    Decided Dec. 7, 1925

483.    EXECUTION—A present liability to judgment debtor is necessary to enforce order in aid of execution.

362.    DEBTOR AND CREDITOR—A debt depending on a contingency is not due until the happening of the contingency.

WASHBURN, J.

It appears from agreed statement of facts submitted, that one Rowland had contracted with the City of Akron to construct a sewer for said city, and that payment was to be made to the said Rowland as the work progressed, and that 10% of the contract price was to be withheld pending the completion and acceptance of said sewer by the city.

During the progress of work, The Pettit Bros. Hardware Co. obtained a judgment against Rowland. Some time subsequently to this judgment, Rowland abandoned the construction and the sewer was completed by his surety.

Pettit Bros. brought proceedings in aid of execution, to reach the money due Rowland under the contract, and the city refusing payment, suit was instituted to secure judgment against the city. Summit Common Pleas refused judgment against the city. Error was prosecuted, and the Court of Appeals held:

1. In a proceeding in aid of execution, a present liability to the judgment debtor is necessary in order to render the proceedings of any avail to the party prosecuting the same.

2. The liability of the city to Rowland depended entirely upon the contingency of his completing the work according to the terms of his contract.

3. A debt depending on a contingency is not due until the happening of the contingency.

4. As nothing was due the contractor at the time of the action against the city, and as there was no certainty that anything would be due him, there was no liability or claim which could be reached by aid of execution.

5. As the contractor never completed his contract, nothing became due him from the city. Judgment of Common Pleas affirmed.

Attorneys—Holloway & Chamberlain for Pettit Bros. Co.; H. M. Hagelbarger, Dir. of Law, W. A. Kelley, Asst. Dir. of Law, and Musser, Kimber & Huffman for City et; all of Akron.